## S. J. GOLDSTEIN v. A. J. WELLS.

Eastern Section. May 10, 1927.

Petition for Certiorari denied by Supreme Court, March 17, 1928.

1. **Appeal and error.** The fact that the transcript does not contain notes sued upon will not justify a reversal where defendant did not deny the execution.

Where it was insisted that the judgment could not be sustained because there were no notes introduced in the record on which the judgment was based, but the record showed that the notes were read into complainant's deposition, and he stated that he would make them exhibits to his deposition, and the defendant did not deny the execution of the notes, held the assignment could not be sustained.

2. **Sales.** Buyer must act promptly if he would rescind a sale.

In an action to recover for the purchase of a truck where the buyer defended on the ground that the truck was not in working order and not as represented, but the evidence showed that the buyer knew of the defects of the truck soon after the purchase and did not rescind his contract, and refused to surrender the truck, held that the defendant could not have the benefit of a rescission because he had not offered to place the plaintiff in statu quo.

Appeal from Chancery Court, Knox County; Hon. Robt. M. Jones, Chancellor.

Affirmed.

W. R. Henderson, of Knoxville, for appellant.

Kelly & Kelly, of Knoxville, for appellee.

OWEN, J. The defendant A. J. Wells had appealed from a decree rendered against him in favor of complainant in the chancery court of Knox county.

Complainant filed a bill to replevy a certain truck in the possession of the defendant, which truck the complainant had sold to the defendant for a consideration of twelve hundred and fifty dollars ($1250). A contract was drawn at the time of the sale, and it was shown that the defendant paid one hundred dollars ($100) cash, and executed notes for the remaining eleven hundred and fifty dollars ($1150). Of this amount the defendant had paid five hundred dollars ($500), leaving a balance of six hundred and fifty dollars ($650), with some several months' interest. The notes also provided for attorneys' fees, and the complainant retained title to the truck sold. This truck was what is known as a built-up truck. It was a second hand truck when the complainant sold it to the defendant. It was called an aviation truck, and had been made specially for the United

States Government. The complainant dealt in second hand trucks. He would buy trucks from the government and then change the beds or bodies on the trucks, and make other changes. The defendant was anxious to use the truck for transfer work, and to haul dirt and gravel at the John Sevier Yards near Knoxville, Tennessee.

The defendant admits the execution of the notes. He filed his answer and cross-bill and sought to rescind the contract for the sale of the truck on the ground of fraud and misrepresentation; that he did not get the truck that the complainant promised him, and that the truck that he did get he was to use temporarily until complainant replaced this truck with another aviation truck that the complainant was to get or procure from Asheville, North Carolina. The defendant set up many defects in the truck that he had bought, and alleged it was only good for junk, worth about fifty dollars ($50).

The Chancellor dismissed the cross-bill, denied the defendant any relief, and sustained complainant's bill, ordered the truck sold, the proceeds to be applied upon complainant's judgment.

The defendant excepted to the action of the court, prayed, and was granted an appeal, and has assigned four errors in this court.

For the first error it is insisted that no notes were introduced in the evidence and made a part of the record on which a judgment could be based, therefor no judgment should have been rendered against defendant for six hundred and fifty dollars ($650) and interest thereon amounting to eighty-four dollars and fifty cents ($84.50), and for ten per cent attorney's fees thereon. We do not find the notes in the transcript, but they were read into the complainant's deposition, and he stated that he would make them exhibits to his deposition. The defendant does not deny executing the notes, so this assignment is not well taken, and it is overruled.

The second assignment is that the Chancellor was in error in dismissing defendant's cross-bill and denying him any relief.

The third error is covered by the first. The fourth error is that the Chancellor erred in decreeing that complainant was entitled to enforce the original contract of sale, and to recover from the defendant A. J. Wells, the amount remaining unpaid together with interest, attorneys' fees, etc. It is insisted that the complainant should have been repelled from court because he was seeking the aid of the court in an effort to gather the fruits and profits of his own wrong doing. These three assignments will be treated together.

The defendant knew what he was doing. He was anxious to buy the truck and had it arranged to suit his desires. He used it for several months. It did not give proper service at times. He returned it to the complainant and had the complainant to repair it. He knew the first day that the truck was not operating properly so he testified, and took it back to the complainant to have it readjusted.

At no time did the defendant tender the truck to the complainant. He paid along as his work and profits progressed. For the defendant to have the benefit of a rescision it would have been necessary for him to have acted promptly in making complaint. Equity aids the diligent. The complainant had to replevy the truck. The defendant refused to surrender the truck. Where a party comes into court to rescind a contract it is his duty to place his opponent in statu quo. Wiley v. Heidell, 12th, Heiskell, 99; Humphreys v. Holtsinger, 3rd, Sneed, 228.

We are of the opinion that the cross-complainant has failed by a preponderance of the evidence to carry the burden by competent proof that would entitle him to a rescission of the contract entered into with the complainant. We approve and affirm the finding of the facts as found by the Chancellor in dismissing the cross-bill, and in denying the defendant any relief thereunder. It results that the assignments of error, are overruled, and disallowed. The judgment of the lower court is affirmed. The defendant will pay the costs of the cause, for which execution will issue.

Heiskell and Senter, JJ., concur.